IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:11-CR-015 |
| | ) | |
| JOHNNY RAY LOPEZ, JR. | ) | |

**MEMORANDUM AND ORDER**

Defendant Johnny Ray Lopez, Jr. is charged with being a felon in possession of a firearm. In October 2010, he was a passenger in a car driven by Preston Neal. A semi-automatic firearm was found in the vehicle, and the defendant stated that the gun was his. Trial is set for October 18, 2011.

The defendant wishes to introduce evidence that, subsequent to October 2010, Preston Neal has twice been charged with unlawful possession of a firearm. On one occasion, a gun was found in Neal's waistband. Several months later, two guns were found in an automobile glove box. Obviously, the defendant's goal is to persuade his jury that the firearm at issue in this case actually belonged to Neal.

The prosecution has filed a motion in limine [doc. 48] to "exclude proof of criminal complaints filed against Preston Neal and of Neal's alleged bad acts." In response, the defendant argues that his evidence is relevant under Rule 406 of the Federal Rules of Evidence, which provides that "[e]vidence of the habit of a person . . . is relevant to prove that the conduct of the person . . . on a particular occasion was in conformity with the habit . . . ."

The defendant's evidence is not the sort contemplated by Rule 406. A habit "is a regular response to a repeated specific situation," and "the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature." *See Eaves v. United States*, No. 4:07CV-118-M, 2009 WL 3754176, at *7 (W.D. Ky. Nov. 5, 2009) (citations omitted). In the present case, the firearm may be semi-automatic but Neal's conduct is not. The two cited episodes, *at best*, merely suggest a tendency. *See id.* ("habit evidence must be numerous enough to base an inference of systematic conduct and to establish one's regular response to a repeated specific situation.") (citation and quotation omitted); *see also United States v. Moore*, No. 10-20018-BC, 2011 WL 3497100, at *3 n.2 (E.D. Mich. Aug. 10, 2011) ("One cannot have a habit of filing false tax returns any more than one can have a habit of selling narcotics or committing assaults. In order to be admissible under Rule 406, the evidence must demonstrate a very specific and precise response to a particular stimulus. There is no such evidence here.").

The defendant's evidence is instead governed by Rule 404(b), which provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Rule 404(b) applies to the prior actions of absent third parties. *See United States v. Lucas*, 357 F.3d 599, 605 (6th Cir. 2004). "[W]e affirm that prior bad acts are generally not considered proof of *any* person's likelihood to commit bad acts in the future and that such evidence should demonstrate something more

2

than propensity." *Id.* The court does not see that any of Rule 404(b)'s exceptions apply, and no such argument has been made. Pursuant to Rule 404(b), evidence of Neal's alleged bad acts is inadmissible.

Further, even if the evidence were relevant under Rule 406 and admissible under Rule 404(b), the court would nonetheless exclude it because the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Evidence of an absent third party's prior crimes is "prejudicial to fair consideration" and could lead to "an unfair inference" not based on actual evidence linked to the crime at issue. *Lucas*, 357 F.3d at 606, n.2.

The government's motion in limine [doc. 48] to exclude "evidence of . . . criminal complaints and any reference to third party Neal's alleged possession of a firearm on other occasions" is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge