IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:11-CR-015 |
| | ) | |
| JOHNNY RAY LOPEZ, JR. | ) | |

**MEMORANDUM AND ORDER**

Now before the court is the "Defendant's Motion for Judgment of Acquittal Pursuant to Rule 29(c)(1) of the Federal Rules of Criminal Procedure" [doc. 57]. The government has filed a response in opposition [doc. 58]. The motion is ripe for the court's consideration. For the reasons that follow, the motion will be denied.

*I.*

*Background*

The single-count indictment in this case charged the defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On October 18, 2011, a jury found the defendant guilty.

*II.*

*Analysis*

A Rule 29(c) motion for judgment of acquittal challenges the sufficiency of the evidence. *See* Fed. R. Crim. P. 29(a), (c). When reviewing a sufficiency of the evidence claim, the court "must decide whether, after viewing the evidence in a light most favorable

to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007). The court does not weigh the evidence, consider witness credibility, or substitute its judgment for that of the jury. *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002). "A defendant making such a challenge bears a very heavy burden." *United States v. Tocco*, 200 F.3d 401, 424 (6th Cir. 2000).

In this case, the government was required to prove beyond a reasonable doubt:

1. That the defendant had a previous felony conviction;

2. That he knowingly possessed a firearm; and

3. That the firearm traveled in or affected interstate commerce.

*Gardner*, 488 F.3d at 713. The parties stipulated to the first of these elements. Further, the interstate commerce element was conceded by the defendant *and* the jurors heard proof that the gun was manufactured outside the state of Tennessee.

At issue, then, was the defendant's knowing possession of the firearm. The jurors heard testimony that the gun was found inside a vehicle in which the defendant was a passenger. More specifically, the arresting trooper testified that the gun was found under the seat in front of the defendant, with the barrel pointed away from him and with the handle closest to him. The jurors heard testimony from two troopers indicating that the defendant confessed ownership of the gun to each of them. Lastly, the jurors heard the defendant's videotaped admission that the gun was his. Viewing the evidence in the light most favorable

to the prosecution, a rational jury could easily have found the necessary elements for a conviction under section 922(g)(1).

The defendant argues that his confession was not sufficiently corroborated, but that argument is unavailing. The corroboration rule "says that no one may be convicted of a crime based solely on his uncorroborated confession." *United States v. Brown*, 617 F.3d 857, 860 (6th Cir. 2010).[1] The requisite corroborating evidence "must implicate the accused" but need not prove guilt "beyond a reasonable doubt, or even by a preponderance." *Id.* at 862 (citations omitted). In this case the gun was found under the car seat in front of the defendant. That evidence is sufficient corroboration. *See, e.g., id.* at 863-64 (citing *United States v. Calhoun*, No. 92-2011, 1993 WL 280324, at *1, 3 (6th Cir. July 26, 1993)) (cocaine found near the defendant sufficiently corroborated his confession of possession with the intent to distribute).

### III.

### *Conclusion*

Viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have found the essential elements of the single count of the indictment. The "Defendant's Motion for Judgment of Acquittal Pursuant to Rule 29(c)(1) of the Federal Rules of Criminal Procedure" [doc. 57] is **DENIED**.

---

[1] The defendant did not request a jury instruction regarding corroboration.

**IT IS SO ORDERED.**

ENTER:

<u>        s/ Leon Jordan        </u>
United States District Judge